IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON CONNER, *et al.*, | ) | CASE NO.: 1:10 CV 1860 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| JAMES CATALANO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| | ) | |

This matter is before the Court on Defendants, Laurie O'Conner and Dale Kaminski's Motion to Dismiss. (ECF #3). These two Defendants are named in only two counts of the Complaint (Counts V and VI). Plaintiffs have agreed to dismiss Count V of the Complaint, which alleged negligent retention of co-Defendant James Catalano, pursuant to Fed. R. Civ. Pro. 41(a)(1)(A). Thus, the Court need only consider the viability of Count VI, which alleges a constitutional violation redressable under 42 U.S.C. §1983. Defendants contend that Count VI is barred by the sovereign immunity provisions of Ohio Revised Code Chapter 2744; Plaintiffs argue that these provisions do not apply to a county run detention home. After careful consideration of the pleadings and a review of all relevant authority, Defendants' Motion to

Dismiss is GRANTED.

Plaintiffs' Complaint names Ms. O'Conner and Mr. Kaminski in their official capacities. Claims against public officials in their official capacities are the same as claims against the government entity itself, under both federal and state law. *See Lambert v. Clancy*, 125 Ohio St.3d 231 (2010) at syllabus 2; *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, the Court must view the action as one against the entities of the Lorain County Detention Home and the Lorain County Court of Common Pleas, Domestic Relations Division, which are the employers of the named individuals.

The Lorain County Detention Home and the Lorain County Court of Common Pleas are both considered part of the State of Ohio for purposes of federal law claims. *See, e.g., Mumford v. Basinski*, 105 F.3d 264 (6th Cir. 1997); *Triplett v. Conner*, 109 Fed.Appx. 94 (6th Cir. 2004). The 11th Amendment to the United States Constitution bars Section 1983 claims against a State or any arm of a State government. *See, Mumford*, 105 F.3d 264; *Oswald v. Lucas County Juvenile Detention Center*, 234 F.3d 1269(Table)(6th Cir. 2000)(decided under O.R.C. §2151.34, recodified as O.R.C. §2152.41).

Plaintiffs agrees that the law bars claims against state instrumentalities, however, they argue that the two entities at issue should be considered part of the county, and not the state government.   Plaintiffs rely on the reasoning set forth in *S.J. v. Hamilton County*, 374 F.3d 416, 419-421 (6th Cir. 2004), which appears to alter the test for determining which governmental bodies are actually arms of the state government for purposes of immunity, giving greater weight to the question of "who would pay for a damage judgment" against the entity being sued. *Alkire v. Irving*, 330 F.3d 802, 811 (6th Cir. 2003)(citing *Regents of Univ. of Calif. v. Doe*, 519 U.S.

425, 430 (1997); *see also, Harmon v. Hamilton County Ct. Of Common Pleas*, 83 Fed.Appx. 766, 768 (6th Cir. Dec. 8, 2003)(unpublished)(concluding it is "not clear" in light of *Alkire* whether an Ohio Court of Common Pleas is an arm of the state for purposes of sovereign immunity). Plaintiffs also provide a letter indicating that the County Risk Sharing Authority would be involved in fulfilling any judgment that may be obtained in this case.[1]

As Defendants point out, however, whatever reservations the Sixth Circuit may have with regard to applying the traditional factors to a determination of state sovereignty, as expressed in *S.J. v. Hamilton County*, it has not overruled *Mumford* or *Oswald*. *See Triplett v. Connor*, 109 Fed. Appx. 94, 96 (6th Cir. 2004). Further, the Court in *S.J. v. Hamilton County* was addressing the potential sovereignty of a training facility, not the sovereignty of the juvenile court or a detention facility under the direct authority of the juvenile court. Therefore, any extrapolation of the opinion to address detention facilities or juvenile courts would be no more than dicta.

The current state of law, as set forth by the binding precedent of the Sixth Circuit opinions in *Mumford, Triplett and Oswald*, unequivocally states that a juvenile detention facility is "part of the juvenile court, which is an arm of the state." *Oswald*, 234 F.3d at *2. The parties agree that state instrumentalities are immune from the Plaintiffs §1983 claim. Therefore, Defendants Laurie O'Conner and Dale Kaminski, in their official capacities are immune, and cannot be liable under Count VI of the Complaint.

In conclusion, for the reasons set forth above, Defendants' Motion to Dismiss (ECF #3) is GRANTED. Count V of the Complaint is dismissed by agreement of the parties, pursuant to

---

[1] As this is a motion to dismiss, and the letter itself is not accompanied by an affidavit of authenticity or any explanation of its meaning, the Court could not make a determination as to who will be responsible for paying the judgment at this stage of the litigation.

Fed. R. Civ. Pro. 41(a)(1)(A), and Count VI is dismissed as against Defendants Laurie O'Conner and Dale Kaminski. As no other claims remain against these parties, Laurie O'Conner and Dale Kaminski are dismissed from the action.

IT IS SO ORDERED.

                                                /s/Donald C. Nugent
                                                DONALD C. NUGENT
                                                United States District Judge

DATED:  October 26, 2010